Judge Robertson
delivered the opinion of the court. .
On the 25th of July, 1785, a patent issued to John McGee, for three hundred acres of land, at the mouth of Cox’s creek.
*371 In 1786, or 7, John McGee sold this land by exec-utory contract, to Inlow, who immediately took possession; and continued to occupy it, until some time in the year 1793, when Gerard Briscoe, claiming the land, by entry, dated 16th. May, 1780, and surveyed 19th. November, 1790; entered and' took possession. Whereupon, Inlow, abandoned, the. possession, and. rescinded his contract with McGee.
On the 4th. of September, 1801, a patent issued' to Briscoe, for five hundred acres, including the three hundred, previously granted to McGee.
John McGee died in 1810, and by his will, devised all his estate to his children, “to be equally divided among them.
Sometime after the probate of the will,, the estate thus devised, was partitioned among the devisees; and the land at the mouth of Cox’s creek,..was allotted and conveyed to Thomas McGee.
On the 16th of May, 1823, this writ of right was brought by the children of John-. McGee, in their proper names, jointly, against Parmenius Briscoe, Gerard W. Briscoe, and Robert P. Briscoe, to recover the seisin of the three- hundred acres of land, granted to John McGee, in 17-85.
The defendants were then in the-possession of the land, which had been occupied by themselves, and their ancestor, Gerard Briscoe, under his claim of five hundred acres, from. 1793, without; interruption or suspension.
At the July term, 1825, Parmenius Briscoe having died, the suit was abated as to him..
At the same term, the defendants filed a plea, tendering the general issue, on which the mise was joined on the mere right; and at the same time, they offered a plea, in abatement-, averring that' they held the land as joint tenants with others, as heirs of Gerard and Parmenius Briscoe,, which plea was rejected by the court.
The cause was tried on the general issue, and a verdict, and judgment,, were rendered for the de-mandants.
Pleas in abatement, are still allowable in writ of right, as anciently. Joint tenancy is goo,d plea in abatement, to writ of tight. Land devised, Ho be equally divided,’ constitutes devi-sees, tenants in caminan.
Tenants in common, cannot maintain joint action.
The following questions are presented for our con, sideration, by the record.
1st. Did the court err in rejecting the plea in abatement?
2d. Could the demandants maintain a joint writ?
3d. Is the limitation in this case, thirty or fifty years.
Other questions were made, which it will not be necessary to decide.
1st. Joint tenancy, several tenancy, sole tenancy, non tenancy of the freehold, were all pleadable in abatement to a'writ of right, at common law. The act of 1798, (I, Dig. 67) “for reforming the method of proceeding in writs of right;” which, among other things, provides, that under the general issue, “every matter may be given as evidence which might have been specially pleaded,” does not authorize a defendant to give in evidence, on the mise of the mere right, any matter merely in abatement; nor does it dispense, therefore, with the necessity of pleading, as anciently, all averable matter of defence. Green vs. Liter, VIII. Cranch, 242.
Hence, the matter relied on in the rejected plea, was pleadable in abatement-, and could not have been taken advantage of in any other mode. But the plea was in form, a plea in law; and as a plea in abatement, it was offered too late. The court did not err, therefore, in rejecting it.
2d. The estate devised to the demandants, is not joint, but several. The expression, to be “equally divided,” constitutes the devisees tenants in common. See Harrison, et. al. vs. Botts, et. al. IV. Bibb, 420, And §ince the partition, Thomas McGee holds the sole right.
It is not necessary now, to cite the numerous authorities which have established the doctrine, that tenants in common, cannot maintain a joint action, As the interests are not joint, the suit cannot be joint.
The demandants certainly derived their right to the land in contest, from the will of their father. They hold, therefore, as purchasers and not as heirs. *373 If the will, vested in them precisely the same right, which would have descended to them as heirs, they would be allowed to claim, and sue as heirs. But this interest as devisees, is essentially different from that which they would hold as heirs.
By common law, purchaser could not maintain writ of right on seisin of his vendor.
Heir or sue maSntaSrwrlt of right, at any time, within SO years, after disseisin of ancestor or predecessor. But plaintiff counting on his own seisin is limited to 30 years.
So purchaser, or devisee, claiming as maintain writ of right, after lapse of tbir-j ty years from disseisin ¿estator!* °r
*373 Under the will, their interests are several; as heirs, they would be joint; and by the willv the widow is allowed to take a childs part. It is clear, therefore, that they cannot, as heirs, be entitled to the privilege of maintaining a joint writ. In deciding, therefore, that the joint suit could be maintained, the court erred.
3d. The decision of the second point, virtually determines the third. By the common law, “a purchaser” could not maintain a writ of right, on the seisin of his vendor, Speed vs. Buford, III. Bibb, 60; II. Sanders, 46, n. 4.
Consequently, the demandants in this case, would be entitled to no writ, joint or several, unless a statutory privilege can be shewn in derogation of this rule of the common law. The act of 1798, repealing the champerty act, has been construed to vest in the purchaser of land, held adversely, all the rights, as well that of suit, as others, which the seller had at the date of the deed. And thus a purchaser has acquired the right to maintain a writ of right on the seisin of the seller. But it is only the right which the vendor had.
The succesor or heir, may maintain a writ of right on the seisin of his predecessor or ancestor, at any time within fifty years after a disseisin; but a plaintiff counting on his own seisin, is limited tó thirty years. As then, the vendor could not sue out his writ of right, on his own seisin, after thirty years; and, as by the construction of the act of 1798, ■ the purchaser acquires by his deed, the same right, and no other; it results necessarily, that one claiming, as devisee, cannot maintain a writ of right on the seisin of the testator, which the testator, if he were alive, would be barréd from prosecuting.
The devisee must be limited by thirty years from the seisin of his testator.
None, but corporations fioial oToffi-** cial person, ¿an have sac-CCSSQH.
Wiclcliffe,tor appellants; Denny, for appellees.
Wherefore, the court erred in instructing the jury *kat ^le limitation is fifty years. The demandants. are not heirs. They are not successors.
None but corporations, or other artificia], or ofiL cial persons, can have successors. As devisees, the demandants are purchasers, and not successors any ,. ,. r ’ v J iBore than heirs.
f°r this error, alone, the judgment of the court would not be reversed; because, it was not proved that the suit was not brought within thirty years, The writ issued in May 1823; and it was not shewn Gerard Briscoe took possession thirty years before that time; the proof was, that he entered sometime ip, the year 1793.
The possession of Jnlow, was the possession of John McGee; and therefore, McGee was seised until the desseisin of Inlow, who held under his title, without deed. ,
The other questions presented by the record, will pot be noticed, because the judgment must be reversed, without considering them; and they cannot well recur on any future trial.
Wherefore, without going any farther, the judgment of the circuit court is reversed, because a joint writ could not be maintained by the demandants; and the cause is remanded for proceedings consistent with this opinion.